IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **FEDERAL BAKERS, INC** | ) | Case No. 12-12425 BFK |
| | ) | Chapter 11 |
| Debtor. | ) | |

**CONSENT ORDER**
**DISMISING CHAPTER 11 PROCEEDING**

UPON CONSIDERATION of the motion of the United States Trustee to dismiss or convert the chapter 11 proceeding of Federal Bakers, Inc., the Debtor and Debtor in Possession herein, and the Debtor's response thereto, and it appearing from their execution of this consent order that the U.S. Trustee, the Debtor, and the Debtor's secured creditor and principal unsecured creditor, Bank of America, N.A. ("Bank of America"), that such parties have agreed that the Debtor's Chapter 11 proceeding should be dismissed, pursuant to the terms and conditions of this order; and it

APPEARING that the Debtor's Chapter 11 proceeding was commenced on April 16, 2012 (the "Petition Date"), and that the Debtor has continued as a debtor in possession since that date; and it

APPEARING that as of the Petition Date, the Debtor was no longer an operating company, having ceased its commercial bakery operations, having leased all of its baking equipment to BakeCo, LLC and having entered into a co-packing agreement, whereby BakeCo, LLC agreed to pay a percentage of the revenues generated on certain identified customer contracts that existed as of the date the Debtor ceased operating; and it further

APPEARING that, shortly after the Petition Date, Bank of America filed a motion for relief from the stay, for the purposes of the bank exercising its state and contractual rights against the collateral securing its claims against the Debtor, including the bakery equipment that the Debtor had leased to BakeCo, LLC and the Debtor's accounts receivable; and it further

APPEARING that the Court entered an order granting Bank of America relief from the stay, which relief was delayed for a period of time to allow BakeCo sufficient time to replace the equipment collateral subject to the lift stay motion; and it further

APPEARING that various disputes arose between Bank of America and BakeCo, LLC, and, to a lesser extent, the Debtor; and it further

APPEARING that a Stipulation and Consent Order was entered by this Court on February 8, 2013 [Dkt. No. 176] approving the terms and conditions of a settlement reached by and between the Debtor, Bank of America and BakeCo, LLC, which settlement resolved various issues between the parties including those related to the cash collateral of Bank of America, and specifically certain revenue being generated under the co-packing agreement; and it further

APPEARING that, following entry of the February 8, 2013 order, Bank of America foreclosed on the equipment collateral and liquidated the collateral at public auction; and it further

APPEARING that, pursuant to the terms of the February 8, 2013 order, the parties agreed that the co-packing revenue constituted part of Bank of America's cash collateral, and that such funds, to the extent collected by the Debtor, were to be held and not disbursed

or used absent the consent of Bank of America, except as specifically provided in the order; and it further

APPEARING that the Debtor currently holds approximately $22,000 in its cash collateral debtor in possession account; and it further

APPEARING that BakeCo has been obligated to pay the co-packing revenues directly to Bank of America since the entry of the February 8, 2013 order; and it further

APPEARING that the value of the Debtor's remaining assets are subject to Bank of America's lien and are significantly less than the amounts owed to Bank of America; and it further

APPEARING that the Debtor does not believe that there is any possibility of an effective reorganization or any meaningful distribution to unsecured creditors whether in chapter 11 or 7; and it further

APPEARING that the Debtor has no unencumbered funds with which to fund the continued administrative expenses of this proceeding; and it further

APPEARING that the Debtor has filed all monthly operating reports with the office of the U.S. Trustee; and it further

APPEARING that the Debtor and Bank of America have agreed to the payment of the balance of the U.S. Trustee quarterly fees, through the third quarter of 2013 (approximately $700.00); and it further

APPEARING that the Debtor's chapter 11 proceeding should be dismissed. It is therefore, by this Court

ORDERED that the U.S. Trustee's motion shall be and hereby is GRANTED; and it is further

ORDERED that the Debtor's chapter 11 proceeding shall be and hereby is dismissed; and it is further

ORDERED that immediately upon the entry of this order dismissing the Debtor's chapter 11 proceeding, the Debtor shall pay to Bank of America all amounts remaining in the Debtor's cash collateral debtor in possession account, after payment of the balance of the U.S. Trustee quarterly fees through the third quarter of 2013.

Dated: Sep 24 2013

/s/ Brian F. Kenney
Brian F. Kenney
Judge, U.S. Bankruptcy Court

Entered on Docket: September 25, 2013

REQUESTED BY:

/s/Jack Frankel
Jack Frankel, Esq.
Office of the United States Trustee


/s/ Christopher L. Rogan
Christopher L. Rogan, Esquire (VSB #30344)
*RoganLawFirm, PLLC.*
30-D Catoctin Circle, SE
Leesburg, Virginia  20175
(703) 771-9191/Telephone
(703) 771-9797/Facsimile
crogan@roganfirm.com


/s/ Kenneth Misken
Kenneth Misken, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive
Tysons Corner, VA 22102
(703) 610-8693/Telephone
(703) 610-8686/Facsimile
kmisken@milesstockbridge.com
*Counsel to Bank of America, N.A*